J-S63031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA      :      IN THE SUPERIOR COURT OF
                                                      :               PENNSYLVANIA
                    v.                                 :
                                                      :
STEVE JONES,                                 :
                                                      :
                    Appellant                    :         No. 777 EDA 2015

Appeal from the PCRA Order February 18, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0001881-2002

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 11, 2016**

Steve Jones ("Jones") appeals from the Order dismissing his "Petition

for *Habeas Corpus* Relief Under Article I, Section 14 of the Pennsylvania

Constitution and for Post-Conviction Relief Under the Post Conviction Relief

Act ['PCRA[1]']."  We reverse the Order, vacate Jones's judgment of sentence,

and remand for resentencing.

Following a jury trial, Jones was found guilty of robbery and second

degree murder in connection with the robbery and shooting of an ice cream

truck driver in Chester on April 20, 2002.   Jones was sixteen years old at

the time of the murder.   The trial court sentenced Jones to a mandatory

term of life in prison.  On June 22, 2004, this Court affirmed the judgment of

sentence.   ***Commonwealth v. Jones***, 858 A.2d 1276 (Pa. Super. 2004)

(unpublished memorandum).

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Jones filed a PCRA Petition on December 14, 2007. The PCRA court dismissed the Petition as untimely filed, and this Court affirmed. *See Commonwealth v. Jones*, 998 A.2d 1005 (Pa. Super. 2010) (unpublished memorandum). On June 29, 2010, Jones filed another PCRA Petition. The PCRA court dismissed the Petition on August 3, 2010. This Court affirmed the dismissal. *See Commonwealth v. Jones*, 106 A.3d 159 (Pa. Super. 2014) (unpublished memorandum).

Jones filed the instant counseled Petition on October 14, 2014. In the Petition, Jones argued that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012),[2] rendered his sentence illegal. The PCRA court treated the Petition as a PCRA Petition.[3] After issuing a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the Petition. This panel affirmed the PCRA court's dismissal based

---

[2] In *Miller*, the Supreme Court held that sentencing schemes, which mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen, violates the Eighth Amendment's prohibition on "cruel and unusual punishments." *Miller*, 132 S. Ct. at 2460. The Supreme Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. *Id*. at 2469.

[3] The PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim. *See* 42 Pa.C.S.A. § 9542. In his Petition, Jones challenges the legality of his sentence based upon the holding in *Miller*. *See Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014) (stating that issues pertaining to *Miller* raise a legality of sentence challenge). Thus, Jones's claims were properly reviewed under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2).

on the untimeliness of the Petition,[4] and the fact that Jones had previously litigated his **Miller** claim. **See Commonwealth v. Jones**, 2015 WL 7144822, at *2 (Pa. Super. 2015) (unpublished memorandum). Our panel also reiterated that the **Miller** decision did not implicate the newly recognized constitutional right exception codified at 42 Pa.C.S.A. § 9545(b)(1)(iii), based upon our Supreme Court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).[5] **Jones**, 2015 WL 7144822, at *2.

Jones filed a Petition for Allowance of Appeal. On February 12, 2016, our Supreme Court granted the Petition, vacated this Court's decision, and remanded for further proceedings based upon the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). **See Commonwealth v. Jones**, 2016 WL 594627, at *1 (Pa. 2016).

---

[4] Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id**. § 9545(b)(3). Here, Jones's Petition was facially untimely under the PCRA. However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id**. § 9545(b)(2).

[5] In **Cunningham**, the Pennsylvania Supreme Court ruled that **Miller** does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time **Miller** was decided. **Cunningham**, 81 A.3d at 11.

In ***Montgomery***, the United States Supreme Court held that its decision in ***Miller*** announced a substantive rule; thus, ***Miller*** applies retroactively. ***Montgomery***, 136 S. Ct. at 734, 736; ***see also Commonwealth v. Secreti***, 2016 PA Super 28, at **5-6 (Pa. Super. 2016) (noting that ***Montgomery*** rendered the ***Miller*** rule of law retroactive and that the date of the ***Montgomery*** decision will control for purposes of the 60-day rule under section 9545(b)(2)).

Based upon ***Montgomery***, we conclude that (1) ***Miller*** applies retroactively to Jones's sentence; (2) Jones's sentence is unconstitutional under ***Miller***; and (3) Jones is entitled to a new sentencing hearing in

accordance with ***Commonwealth v. Batts***, 66 A.3d 286 (Pa. 2013).[6] ***See***

***Secreti***, 2016 PA Super 28, at **4-5.

Accordingly, we reverse the PCRA court's Order dismissing Jones's

Petition, vacate Jones's judgment of sentence, and remand for resentencing

in accordance with ***Batts, supra***.

Order reversed. Judgment of sentence vacated. Case remanded for

resentencing. Jurisdiction relinquished.

Judge Donohue did not participate in the consideration or decision of

this case.

---

[6] "***Miller*** requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile." ***Batts***, 66 A.3d at 296.

> [A]t a minimum [the trial court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

***Id***. at 297. "[T]he imposition of a minimum sentence taking such factors into account is the most appropriate remedy for the federal constitutional violation that occurred when a life-without-parole sentence was mandatorily applied to [the a]ppellant." ***Id***.; ***see also Montgomery***, 136 S. Ct. at 736 (stating that "[**a**]**llowing those offenders to be considered for parole** ensures that juveniles whose crimes reflected only transient immaturity— and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.") (emphasis added).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2016